```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FORT SMITH DIVISION

DANNY MILLER, SPECIAL ADMINISTRATOR
OF THE ESTATE OF LUTHER HAROLD BRAZEEL                PLAINTIFF


            v.            Civil No. 09-2107

KANSAS CITY SOUTHERN RAILWAY COMPANY;
CARL C. MYLES; STEVE NEWCOMER; and THE
CITY OF MENA                                         DEFENDANTS
```

## O R D E R

Now on this 23rd day of October, 2009, comes on for consideration plaintiff's **Motion To Remand** (document #16), and from said motion, and the responses thereto, the Court finds and orders as follows:

    1.   Plaintiff filed this wrongful death suit in the Circuit Court of Polk County, Arkansas, alleging that defendants Kansas City Southern Railway Company ("KCS"), Carl C. Myles, and Steve Newcomer were negligent in various respects proximately relating to the death of Luther Harold Brazeel ("Brazeel").

    Plaintiff further alleged claims sounding in both contract and tort as against the City of Mena.

    2.   The City of Mena moved for judgment on the pleadings, contending that plaintiff cannot recover from it on either a tort or a contract theory.  Before that motion was resolved, plaintiff moved for remand, contending that the removal -- which was based on the theory that the City of Mena was fraudulently joined to defeat diversity -- was improper.

While both motions place before the Court the issue of whether plaintiff has stated a claim as against the City of Mena, the Motion To Remand takes precedence, as it implicates the Court's subject matter jurisdiction.

3. As explained by the Eighth Circuit, fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." In order to determine whether joinder is fraudulent,

> a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." However, if there is a "colorable" cause of action -- that is, if the state law *might* impose liability on the resident defendant under the facts alleged -- then there is no fraudulent joinder.

**Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003)** (internal citations omitted, emphasis in original).

**Filla** noted that "colorable" was used as a euphemism "to described an alleged cause of action that is reasonable, but speculative." *Id.*

Courts review fraudulent joinder challenges "to determine 'whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved'." **Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir.**

**2007).** Any doubts about the issue must be resolved in favor of remand. *Id.*

    4.   Plaintiff's initial argument is that he has stated a claim for breach of contract on behalf of a third-party beneficiary, and that municipalities are not immune for suit sounding in contract.  On this basis, he alleges that he has pled a colorable claim against the City of Mena -- and thus, that the City of Mena was not improperly joined to defeat diversity.

Before addressing the merits of this first argument, the Court considers whether it can take cognizance of the three documents upon which plaintiff bases his contract claim.  These documents are not attached to the Complaint, but rather are brought into the record as exhibits to plaintiff's Memorandum Brief In Support Of Motion To Remand.

No party has suggested that the Court not consider the documents, and there are no objections by any party to the authenticity, relevancy, or competency of the documents.  In deciding whether it has subject matter jurisdiction, the Court is not constrained by **F.R.C.P. 12(d)**, which requires conversion of certain types of motions to motions for summary judgment when matters outside the pleadings are considered.  These factors suggest that the Court might well consider the documents in question.

In addition, while there is no definitive Eighth Circuit

precedent for the proposition that a court may consider evidence outside the pleadings in determining whether a defendant has been fraudulently joined, at least one District Court has held that it is proper to do so. *See* **Peterson v. Rusch, Inc., 2006 WL 83492 (E.D. Mo. 2006) (unreported).** Under the circumstances here presented, the Court concludes that it is proper to consider the Lease Agreement and the Quitclaim Deeds in connection with plaintiff's Motion To Remand.

5.   The relevant portions of the documents in question are as follows:

*   A Lease Agreement between KCS and the City of Mena, dated February 5, 1986, requires the City of Mena to

> erect and maintain a chain link fence on the south boundary of the premises herein leased; said fence to be located twenty-three feet from the center line of Lessor's trackage.

*   A Corporation Quit-Claim Deed from KCS to the City of Mena dated May 4, 1987, states, in relevant part, that the City of Mena

> hereby agrees to erect and maintain, at its sole cost and expense, a fence or barricade on the south boundary of the premises herein conveyed; said fence is to be located nineteen (19) feet from the center line of THE KANSAS CITY SOUTHERN RAILWAY COMPANY'S adjacent trackage.

*   A Corporation Quit-Claim Deed from KCS to the City of Mena dated March 17, 1989, states that

> said Party of the Second Part hereby agrees to erect and maintain, at its sole cost and expense, a fence of

-4-

>barricade on the west boundary of the premises herein conveyed. Said fence shall be located nineteen (19) feet from the center line of the said Party of the First Part's adjacent trackage.
>6.   Under Arkansas law,

>>[a] contract is actionable by a third party when there is substantial evidence of a clear intention to benefit that third party. It is not necessary that the person be named in the contract if he is a member of a class of persons sufficiently described or designated in the contract. Generally, the status of a third-party beneficiary is a matter of law; however, when a contract is ambiguous as to the intent of the parties, and the meaning of the language depends on disputed extrinsic evidence, the issue is a question of fact for the jury.

>**Perry v. Baptist Health, 358 Ark. 238, 245, 189 S.W.3d 54, 58 (Ark. 2004)** (internal citations omitted).

Setting aside the issue of whether the Quitclaim Deeds are contracts, the Court finds no basis in law to conclude that Brazeel was a third-party beneficiary of any of the three instruments. Plaintiff's theory is that

>the only reasonable explanation that plaintiff's counsel can determine as to why KCS would obligate the City of Mena to erect and maintain said fence was to incur a benefit to the pedestrian public, i.e., those visiting or congregating in and around the Mena Depot in the form of a barrier that would protect said persons from the dangers of trains traveling past the Mena Depot at 40 mph.

Plaintiff's Memorandum Brief in Support Of Response To Motion For Judgment On The Pleadings, document #21, page 2. Having, in his own mind, eliminated all other possible beneficiaries, plaintiff concludes that Brazeel was a third-party beneficiary of the three instruments.

The problem with this argument is that it is so easily shown

-5-

to be susceptible to error.  It is entirely possible -- indeed probable -- that KCS thought it would benefit from the fence, by keeping the public off its track (and avoiding lawsuits such as the one at bar).  While there is no evidence to this effect, such evidence is not necessary.  It makes no difference to the legal analysis why KCS required the fencing.  What matters is that a benefit to KCS can easily be perceived, which means that the fencing provisions in the instruments is not "substantial evidence of a clear intention" to benefit Brazeel.  Without that, Brazeel cannot be a third-party beneficiary.

Plaintiff also contends that he is entitled to have a jury resolve an ambiguity in the instruments.  He has not, however, shown the existence of any ambiguity. Ambiguity is "uncertainty of meaning or intention." **Black's Law Dictionary**, **Ninth Edition**. There is no showing of such uncertainty here, the creative speculations of plaintiff's counsel notwithstanding.  The language of the Lease Agreement and the Quitclaim Deeds is clear on what was intended by the parties, even though their reasons for so intending be not shown by the evidence.

7.   As the briefing developed on the Motion To Remand and the City of Mena's Motion For Judgment On The Pleadings, the issues raised by the two motions became intertwined, and a new focus emerged for plaintiff's Motion To Remand -- the tort claims, which had not been addressed in plaintiff's motion.

Under Arkansas law, municipalities have immunity from suit in tort, except to the extent that they have liability insurance coverage. **A.C.A. § 21-9-301.** The City of Mena offered the Affidavit of George McKee, Mayor of the City of Mena, to the effect that "the City of Mena was not covered by liability insurance or general liability coverage for the claims raised in this lawsuit."

Plaintiff points out that while this Affidavit is some evidence on the coverage issue, he has not been afforded the opportunity take discovery as to insurance coverage, thus leaving some doubt as to whether the City of Mena has such coverage, and some doubt as to whether his tort claims are viable. If there is insurance coverage, plaintiff can pursue his tort claims against the City of Mena.

Because, in resolving a fraudulent joinder issue, all doubts must be resolved in favor of remand, the Court finds that the Motion To Remand should be granted, and the matter returned to the Circuit Court of Polk County, Arkansas, for further proceedings.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Remand** (document #16) is **granted**, and this case is **remanded to the Circuit Court of Polk County, Arkansas.**

**IT IS SO ORDERED.**

                                                    /s/ Jimm Larry Hendren
                                                  **JIMM LARRY HENDREN**
                                                  **UNITED STATES DISTRICT JUDGE**